## Case No. 7,555.

JOY et al. v. WURTZ et al.

[2 Wash. C. C. 266.] [1]

Circuit Court, D. Pennsylvania. Oct. Term. 1808.

WASHINGTON, Circuit Justice (PETERS, District Judge, absent). I have considered this case with attention, with a view to discover, if I could, any solid ground upon which to relieve the complainants: for it is clear, that the release to William Wurtz was given under a mistaken opinion, that the proceedings, then depending against Christopher Wurtz under the commission of bankruptcy, would render the instrument inoperative as to him. But if a misapprehension of the legal consequences of a release to one joint debtor, can furnish a sufficient reason for setting it aside, the principle from which such a consequence flows, would be of no other use than to send the releasor, in almost every instance, into a court of equity: for, I think it may safely be affirmed, that it can seldom happen that a creditor, who gives a release to one of two joint co-obligors, without receiving full satisfaction, intends thereby to discharge the other; and whether the misapprehension is of the legal effects of the release by itself, or as dependent upon some other legal question which is also mistaken, the reason is the same. It is not pretended in this case, that any unfair practices were used by either of the joint debtors in order to procure this release; or that the complainants were ignorant of any facts material for them to know; or that a different kind of instrument was intended by the parties, or directed to be drawn, than the one which was actually executed. In such a case, I am aware of no case in which equity has not followed the law.

The strongest cases cited for the complainants, are those from Vesey and Atkins: but in them, the court detected the mistake in the bonds, by referring to the nature of the original contracts, of which they were only the evidence, and by this test, the obligors were considered to be severally bound in equity, because they were so by the original contract of loan. It is upon the same principle, that if a settlement differ from the articles, or an instrument is drawn differently from the agreement of the parties, equity will look at the intention. But the principle of those cases is inapplicable to this, which is purely a question of law, attended by no circumstance of fraud, and none of mistake, but

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

such as is common in similar releases, to warrant the interposition of a court of equity. Mistakes of this kind are not unfrequent, and yet it is worthy of remark, that no instance has been furnished, in which chancery has relieved. There are, besides, circumstances which present this case in an unfavourable point of view for the complainants. It is now twenty years since all the estate of Christopher Wurtz, against whom relief is sought, was assigned to certain persons, in whom the right to dispose of it upon such terms as they might think proper, was completely vested. It is true, that these sales, if any were made, would not conclude Christopher Wurtz, at least as to his real estate; but it is, perhaps, impossible at this day to calculate the injury which that defendant has sustained by an act, which, I am bound to say, violated the law of this state, and the rights of the individual. Can the complainants restore him to the situation in which he was, at the time the commission of bankruptcy was taken out, or at the time when by the operation of the law, he was discharged from the debts due to the complainants? Can they furnish a plain and satisfactory rule, for estimating and compensating those injuries? And unless this can be done, I am at a loss to discover the principle upon which they can entitle themselves to the assistance of a court of equity. The bill must be dismissed with costs.