DANIEL K. ALLEN, WILLIAM A. COBB, TERENCE McKIERNAN and OTHERS, ads. WILLIAM I. CRAIG.

In trespass on judgment against several defendants, if one is arrested on a ca.sa. and discharged by the plaintiff, or by his consent, this court will, on motion, discharge the other defendant from custody and order satisfaction to be entered of record, upon such defendant stipulating in writing, to bring no action whatever, on account of his arrest and imprisonment.

A motion to discharge a defendant from unlawful imprisonment, will be heard at the term to which the ca. sa. is returned, if notice of the motion, and a copy of the reasons relied on, have been served on the attorney of the plaintiff.

What is the legal effect of a release of a co-defendant in an action of trespass, after judgment ? Quere.

---

This was an action of trespass, and judgment was entered against the defendants in this court, in the term of February, 1833, after argument, see 1 *Green Rep.* 294. On this judgment, a ca. sa. was issued, returnable to this term. On the twenty-second day of August last, a notice, of which the following is a copy, was served on the plaintiff and his attorney :

Allen & others v. Craig.

New Jersey Supreme Court.

William I. Craig,⎫ In trespass.
  vs. ⎪
Daniel K. Allen, William ⎪ Judgment entered February
A. Cobb, Abraham H. Godwin, ⎬ term, 1833, capias ad satis-
Joseph Starke, Peter Brower, ⎪ faciendum, issued returnable
  and others. ⎭ to September term, 1833.

SIR,

You will please to take notice, that the justices of the Supreme Court of Judicature of the State of New Jersey, at Trenton, will be moved on Tuesday, the third day of September next, at ten o'clock in the forenoon of said day, or as soon thereafter as the said justices can attend to and will hear the same, to set aside the writ of *capias ad satisfaciendum*, issued on the judgment above mentioned, and also to have satisfaction entered of the said judgment, and that the following, among other reasons, will be relied on upon the argument of said motion; that is to say.

First. Because the plaintiff in said suit, hath released and discharged Joseph Starke, one of the defendants in the same, from the said judgment and all liability thereon, and hath agreed to cause satisfaction to be entered on the record of said judgment as respects the said Joseph Starke.

Second. Because the said plaintiff hath caused William A. Cobb, and Terence McKiernan, two of the defendants to be arrested and imprisoned under and by virtue of the said writ of *capias ad satisfaciendum*, and the said William A. Cobb, and Terence McKiernan, being so imprisoned, have been discharged from such imprisonment by the consent of the said plaintiff.

Third. Because the said plaintiff authorized the sheriff of the county of Essex, to discharge William A. Cobb and Terence McKiernan, two of the defendants, from their imprisonment under the said writ of *capias ad satisfaciendum*, and the said William A. Cobb and Terence McKiernan, were discharged and let go at large accordingly.

Fourth. Because the said plaintiff hath discharged the said William A. Cobb and Terence McKiernan, two of the defendants, from said judgment.

Fifth. Because the said plaintiff, for a consideration paid to him by the said William A. Cobb, and also by the said Terence McKiernan, hath released and discharged the said William A. Cobb and Terence McKiernan, from said judgment and execution, and all claim upon the same, and from their imprisonment under said execution.

Sixth. Because the said judgment is satisfied.

Seventh. Because there is no such return of the sheriff of the county of Essex, to the writ of *fieri facias de bonis et terris* recited in the said *capias ad satisfaciendum*, as in the said *capias ad satisfaciendum* is mentioned and set forth.

Eighth. Because there was no such award of a writ of *capias ad satisfaciendum* by the said Supreme Court, as by the said *capias ad satisfaciendum* is supposed.

Ninth. Because the sheriff of the county of Essex, by virtue of the said writ of *fieri facias de bonis et terris*, recited in said *capias ad satisfaciendum* levied upon divers goods and chattels, lands and tenements of great value, which had not been sold or exposed to sale by the said sheriff, at the time of issuing the said *capias ad satisfaciendum*, but then remained in his hands unsold.

Tenth. Because the said writ of *capias ad satisfaciendum* was issued before the sheriff of the county of Essex had sold the goods and chattels, lands and tenements by him taken and levied upon, under a previous execution issued on the said judgment.

Eleventh. Because the said writ of *capias ad satisfaciendum*, does not state what sum the residue of the plaintiff's damages amount to, or how much or what sum the defendants are required to pay, to satisfy the plaintiff.

Twelfth. Because the said writ of *capias ad satisfaciendum*, is not in conformity to the said judgment, but is variant from, inconsistent with, and repugnant to the same.

And you will also further take notice, that the affidavits of William Dow, esq. William Dickey, esq. William A. Cobb, Joseph Starke, Philemon Dickerson esq. E. B. D. Ogden, esq. and Lemuel Smith and others, will be taken, and exhibits made before Oliver S. Halsted, esq. one of the commissioners for taking bail and affidavits, in the Supreme Court, on Wednesday the twenty-eighth day of August, instant, at ten o'clock in the fore-

Allen & others *v.* Craig.

noon of said day, at the house of Frederick Moore, inn-keeper, in Newark, in the said county of Essex, to be used on the argument of said motion.

Your obedient servant,

D. K. ALLEN.

WM. PENNINGTON, of counsel with said D. K. ALLEN.

To Philemon Dickerson, esq. attorney for  
the plaintiff, or whom it may concern.  }

Dated August 22d, 1833.

In pursuance of the above notice, an examination of witnesses was taken before Oliver S. Halsted, esquire, one of the commissioners for taking bail and affidavits in the Supreme Court. William Dow, esquire, sheriff of the county of Essex, testified as follows:

That he is, and has been, for the year past, sheriff of the county of Essex. The ca. sa. issued in this cause, being shewn to him, he says it has been in his hands as such sheriff, and has been in part executed; he has arrested thereon, Abraham H. Godwin, Robert McElroy, William A. Cobb, Terence McKiernan and Peter Brower. Daniel K. Allen, one of the defendants named in said writ, has been surrendered by his bail, and is now in the custody of deponent, as such sheriff. Deponent considers said Allen in his custody, on this suit; that there is also another ca. sa. against said Allen and others, on which deponent considers said Allen as also in custody. After said Cobb was arrested on the ca. sa. issued in this suit, and while he was in custody, William I. Craig, the plaintiff, told deponent, that if he, Cobb would pay twenty-five dollars, the deponent might let him go, or words to that effect. This was some time, he thinks, as much as two weeks before Cobb was discharged from custody on said execution. Deponent afterwards received a writing from Philemon Dickerson, esq. attorney of said plaintiff, all of which is in the hand writing of Mr. Dickerson, except the signature of William I. Craig, the paper being produced and marked exhibit B, on the part of the defendant; said paper was handed to sheriff, the deponent, about the time it bears date; it had not the signature of William I.

Craig, on it, when deponent first received it; he handed it back to Mr. Cobb, to procure Craig's signature to it, and it was returned to him, as it now appears. He had a conversation with Mr. Craig, at or about the time when he arrested Terence McKiernan, on said ca. sa. ; deponent saw Mr. Craig in Paterson, and told him, he thought he should take McKiernan with him to Newark, that day, meaning that he should arrest him on said writ. Craig then told sheriff, the deponent, that if McKiernan would pay him thirty dollars, he might let him go, and that he, Craig, would give deponent any writing to indemnify him that Mr. Dickerson should think proper; deponent thinks, he suggested to Mr. Craig, that McKiernan might raise thirty dollars at ° Acquackanonk, if he would do it; to which, he thinks, Mr. Craig answered, " very well," or something to that effect; deponent considers, that Mr. Craig authorized him to discharge McKiernan, on the payment of thirty dollars; deponent brought McKiernan to Newark that day, on said execution, and shut him up. Shortly after this, deponent ordered the gaoler to let McKiernan go, on his paying thirty dollars; the gaoler received the thirty dollars, and let Mc Kiernan go. Deponent discharged McKiernan believing that Craig would give him such an instrument of writing as would exonerate him, according to his promise; deponent paid the thirty dollars to Mr. Craig afterwards, and Craig received it. He paid it to Craig within three days after he received it; before paying the money to Craig, Craig handed him a letter from Mr. Craig, directed to deponent, and sealed; the letter was in Mr. Dickerson's hand writing, except the signature of Mr. Craig. A paper writing being shewn to him, marked exhibit C, on the part of the defendant, he says that he received it, and that he knows it to be Mr. Dickerson's hand writing, and that he acted in accordance to it.

Cross examined by Mr. Dickerson—he says, that McKiernan was arrested on said execution on the twentieth of August, instant, and discharged on the twenty-first. A Mr. Riley from Paterson, came to deponent on the twenty-first, to see about getting McKiernan discharged; deponent told him he would rather have written instructions, that he was to have from Mr. Craig or the attorney. Riley questioned deponent closely, and

Allen & others *v.* Craig.

asked him whether he had not a right to let McKiernan go for thirty dollars; after some hesitation, deponent told him he had. Riley then asked deponent if he would take his note for the thirty dollars, which deponent refused, but told him, that if he would give Mr. Smith, the gaoler, the money, Mr. Smith might let him go. Riley went off to borrow the money and came back without it; some other conversation then passed between Riley and deponent, which deponent does not exactly recollect; but deponent told him in this last conversation, that he must certainly go to Paterson and get the writings from Mr. Craig or Mr. Dickerson, that would satisfy him; that McKiernan would only remain one night longer in consequence of it; deponent then left Riley; shortly after this, the gaoler came to deponent and told him that Riley had gone to get the money; to this deponent answered, saying, " he must not do that, I thought he understood me that he must get the writings first "—Mr. Smith replied, that Riley had understood deponent, that if he, Riley, brought the thirty dollars, deponent would let McKiernan go, and that Riley had gone for the money, and Smith asked deponent, what he should do if Riley came with the money: deponent then told Smith, that if Riley came with the money, he might let McKiernan go, and that he, deponent, would risk it: deponent did not come to the gaol again, until the next morning, when the gaoler informed him, that Riley had come down at two o'clock in the morning and had paid the money, and that he, Smith, had let McKiernan go; he thinks that it was on the 22d August that he received the letter from Mr. Craig, spoken of in his principal examination; deponent has no other written authority except that letter. The letter was produced, and is marked exhibit A, on the part of the plaintiff—When he found that McKiernan was discharged, he did not feel alarmed, although he thought it would have been more prudent to have waited for written instructions. He had confidence in Mr. Craig, that he would give him the writing promised—deponent was requested by Mr. Dickerson, the plaintiff's attorney, to tell Daniel K. Allen, that if he wanted to pay, five hundred dollars would be deducted from the amount of the writ—deponent thinks this was some time in June last, during the sitting of the

Essex Common Pleas—deponent gave Allen notice of this, as soon as he was surrendered to deponent, or shortly after.

Re-examined by Mr. Whitehead. Mr. Craig knew, before deponent paid him the thirty dollars, that McKiernan had been discharged, he believes—when deponent paid him the thirty dollars, he told Craig he had discharged McKiernan, and got the thirty dollars—Craig found no fault—he received the money, and said he had got so much more, and put it up. His hesitation as to discharging McKiernan, arose not from his supposing that the verbal authority given by Craig, was not full enough, but because he thought it would have been better to protect himself from accidents, or from the possibility of the death of Craig, before he should receive the writing promised. The only difficulty he had, was, that he thought it would have been safer to act upon a written, than upon a verbal authority—he had the express consent of Mr. Craig, to let McKiernan go, upon the payment of thirty dollars—his difficulty arose in part, from the suggestion of some person, that he ought not to trust it, on the word of Mr. Craig—deponent considered himself at liberty to let McKiernan go at any place, or at any time, on receiving the thirty dollars, until further orders.

Cross-examined by Mr. Dickerson, He says, the verbal direction to let McKiernan go, on his paying thirty dollars, was of the same character with the verbal direction to let Cobb go, on his paying twenty-five dollars. The verbal directions were similar in both cases—deponent understood Craig as authorizing him to let McKiernan go, and that he, Craig, would afterwards give him a writing to save him harmless.

Joseph Starke testified, that he is one of the defendants in said suit—He has paid five hundred dollars on account of the judgment and execution in this cause, and received in discharge of himself, two paper writings, under the hand and seal of William I. Craig; one witnessed by Elias B. D. Ogden, esq. and the other by Philemon Dickerson, esq. which were produced and marked exhibit D, on the part of the defendant—the execution of these papers is admitted by Mr. Dickerson.

William A. Cobb testified, that he is one of the defendants in the above stated suit—he was arrested and imprisoned on the *ca. sa.* issued in this case—he was in custody thereon, three or

four weeks—a paper writing being produced and shewn to witness, marked exhibit E, on the part of the defendant, the execution of which is admitted by Mr. Dickerson—deponent says, that on the day of the date of that paper, he had a conversation with Mr. Craig, in which Craig asked him if he wanted to make any arrangement of this matter—deponent answered, that he would make the arrangement he had before proposed, that is, that he would give him his note for twenty-five dollars, at ninety days—Craig referred him to Mr. Dickerson, saying, that Mr. Dickerson would make the arrangement with him—deponent went to Mr. Dickerson, and gave him the note, and received the said paper, marked exhibit E.—Mr. Dickerson was then in the court-house at Newark—deponent sent said paper, together with exhibit B, to Mr. Craig at Paterson, to be signed by him, and they were returned, signed, the next day, and deponent then left custody—said exhibit B, was left by deponent with the gaoler, before deponent left the limits.

Samuel Smith testified, that he is the gaoler of the county of Essex—recollects Terence McKiernan's being committed to gaol on execution in favor of William I. Craig—thinks he was committed on the twentieth of August, instant—he was committed, at about nine o'clock in the evening—on the next day, the sheriff told deponent, that he might discharge McKiernan, on receiving thirty dollars—he received the thirty dollars and discharged him.

The following are the exhibits named in the foregoing testimony.

*Exhibit* A. " To William Dow, esquire, sheriff.

Sir, you are authorized to give the limits of the prison to Terence McKiernan, (who is now confined at my suit) upon his executing a limit bond, signed by his brother Dennis McKiernan ; and in case he leaves the limits, I will take an assignment of the bond, and not hold you liable for the escape.

I am yours, &c.

WILLIAM I. CRAIG."

Paterson, Aug. 21, 1833.

*Exhibit* B. " To Willam Dow, esquire, sheriff.

Sir, In the case of William I. Craig vs. Daniel K. Allen,

Allen & others *v.* Craig.

William A. Cobb, and others, on a ca. sa., I understand that you have arrested William A. Cobb, one of the defendants, and that he has given a bond for the limits. I am authorized to say, that Mr. Craig will not hold you liable, nor prosecute the bond which you have taken, if the said William A. Cobb should leave the limits.

I am yours respectfully,

PH. DICKERSON, att'y of Wm. I. Craig.

June 25, 1833.

Authorized by me—William I. Craig."

*Exhibit* C. "To William Dow, esquire, sheriff of Essex.

Sir, In the case of Wm. I. Craig v. Allen, Starke and others, on ca. sa., you may suffer Mr. Starke to go at large, and not arrest him, and I will indemnify you from all costs or damages, which you may be put to by reason of so doing by the plaintiff, Wm. I. Craig.

I am yours respectfully,

PH. DICKERSON.

June 22, 1833.

*Exhibit* D. "New Jersey Supreme Court.

William I. Craig vs. Daniel K. Allen, Abraham H. Godwin, Joseph Starke and others. } On judgment and ca. sa. In trespass.

June 22d, 1833, received of Joseph Starke, one of the above named defendants, the sum of five hundred dollars, on account of the above stated judgment and ca. sa. In consideration whereof, I do hereby covenant and agree with the said Joseph Starke, that I will release and discharge him from the operation of said judgment and execution, both as to his person and his estate, both real and personal, and I will indemnify and save harmless, the said Joseph Starke, his executors, administrators, and assigns, from all costs and charges which he may hereafter be put to, by reason of said judgment and execution, or any proceeding thereon.

Witness my hand and seal the 22d of June, 1833.

Witness present, PH. DICKERSON. } WILLIAM I. CRAIG, { SEAL. }

In consideration of the payment to me by Joseph Starke, this

day, of five hundred dollars on account of a judgment in trespass obtained by me, in the Supreme Court of the State of New Jersey, against him, Daniel K. Allen and others, which I have acknowledged to be in full, as far as respects the said Starke, but not to affect the other defendants for the balance of said judgment and costs, I do hereby covenant and agree with the said Joseph Starke, that I will cause a *nolle prosequi* to be entered on the record as to him, if it can be done according to law, and if it cannot, that I will execute such acknowledgment of satisfaction, as it respects him, as may be devised by his and my counsel, so as to authorize the clerk of the court to enter satisfaction on the record as to him. Witness my hand and seal, the twenty-second day of June, 1833.

Witness present,    }    WILLIAM I. CRAIG. }   SEAL. }
    ELIAS B. D. OGDEN. }

*Exhibit* E. " Mr. William A. Cobb—Sir, I understand, that you have been arrested by virtue of a ca. sa. issued in the case of William I. Craig, against Daniel K. Allen, yourself and others, and that you have given a bond to the sheriff of the county of Essex, to keep the limits of the prison. I am authorized to say, that Mr. Craig will not hold your bondsman liable on that bond, if you should break the limits, and that no prosecution will be had on that bond on that account

       I am yours, &c.

         PH. DICKERSON att'y for Wm. I. Craig.

June 25, 1833.

Authorized by me—William I. Craig."

*W. Pennington*, having read the foregoing notice to take depositions, *P. Dickerson*, on the part of the plaintiff, objected, that the notice was not sufficient. This application rests on ground purely technical; it is an attempt to discharge a defendant without the payment of a cent. There are facts in connexion with this case, which ought to be laid before the court. Important questions of law are involved, and more time ought to be allowed for their examination. Besides, the testimony is not yet closed. Notice has been given for that purpose, for the first day of this term.

Allen & others *v.* Craig.

*W. Pennington.* Allen, the defendant, is in actual confinement; this application then, is in favor of liberty, and we insist, that the defendant, Allen, is deprived of that liberty on illegal ground; as to the notice for the first day of this term, it regards simply the exhibits in the cause, and they can require but little time to examine, and cannot be varied by other testimony.

FORD, J. It appears that Allen was committed on the 29th July; that McKiernan was committed on the 20th August, and discharged on the 21st, and the notice to take depositions, is dated and given the next day, the 22d. The notice was thus given, as soon as possible, and contains all the reasons relied upon by the defendant. If the plaintiff had any testimony, he could have produced it, and he has had all the benefit of the cross-examination of the witnesses. I am of the opinion, that the notice is sufficient, and that the application ought to be heard. The defendant is in actual confinement, and if he is illegally deprived of his liberty, he ought to be released.

DRAKE, J. I think, that full notice has been given. The plaintiff has been apprised of all the reasons relied upon by the defendant. The applicant ought now to be heard.

The Chief Justice gave no opinion, as he had been employed as counsel in the cause, before his appointment.

*W. Pennington* then read the depositions which had been taken, and was proceeding to read the ca. sa. and fi. fa. which had been issued out of this court and returned, when *Dickerson* objected, as they had not been made exhibits in the cause.

*Vanarsdale* answers, that this court will not require the party to produce a certified copy of its own records.

BY THE COURT. The papers may be read. They are in the same cause, and a part of the files of this court.

*W. Pennington.* This is an application on the part of Daniel K. Allen, to enter satisfaction of the judgment and to set aside the ca. sa.

1. The ca. sa. is defective. It is a *ca. sa. post fi. fa.*, and ought to have been issued for the balance due on the judgment. The property of Allen has been levied on, by virtue of the fi. fa., and he ought to be credited for the amount raised.

2. Allen ought to be discharged, because Craig, the plaintiff, has released Joseph Starke, one of the defendants. It appears, from exhibit D, that on the 22d of June, 1833, Craig received five hundred dollars from this defendant, and gave him a receipt and discharge from the judgment. The paper is carefully drawn with a view to get round the very difficulty now insisted upon. But it is a release, an agreement to free him from liability; cites 2 *Saund. Rep.* 48, *note a.* The party releasing, cannot qualify the release. 5 *Bac. abr. tit. Release, L.* 713; *Hobart's Rep.* 70. He also cited to show the effect of a release, 12 *Modn Rep.* 552; 7 *John. Rep.* 207.

3. The discharge of Cobb and McKiernan, will entitle Allen to his discharge. 6 *T. R.* 425; 1 *Root Rep.* 502. He insisted, that on this point, there was no difference between trespass and contract. The judgment was all the court would look to, and they would not look beyond it to examine the foundation of the suit. 2 *Mason's Rep.* 268.

*Vanarsdale,* on the same side, cited, 13 *Mass. Rep.* 150; 17 *Mass. R.* 584; 2 *Wash. C. C. Rep.* 266; 4 *Eng. Com. L. Rep.* 419; 18 *Vin. abr.* 353, *tit. Release, letter G. A.*

*P. Dickerson,* for the plaintiff.

1. As to the objection to the ca. sa. It is true, that the word residue, is not used in the writ, but the defendant is credited with the amount of the sheriff's levy. We are not bound to look beyond the return of the sheriff, to ascertain the amount raised on the fi. fa. As to the practice in such cases, he cited *Cro. Eliz.* 160; 2 *Tidd Prac.* 934.

A party may issue a ca. sa. after a fi. fa. 4 *John. Rep.* 410.

But the court may amend the writ. 1 *John. cases* 29; 3 *Caines Rep.* 98; *John. Rep.* 184; 1 *Bin. Rep.* 486.

2. He contended, that the instrument executed by the plaintiff, to Starke, is not such a release as will discharge Allen. It was not so intended by the parties to it. It is a mere covenant to release. Its language virtually is, I will do anything my counsel advises, which shall discharge you without impairing my right against the other defendants. To discharge a defendant without payment, the instrument must amount to a techni-

cal release. 2 *John. Rep.* 448 ; 7 *John.* 207. This is a mere covenant not to hold Starke liable, and no release. 11 *Modern* 254; 8 *T. R.* 168 ; 6 *T. R.* 525.

3. He contended, that the discharge of Cobb and McKiernan, did not entitle Allen to his discharge. This is a judgment in trespass. The plaintiff may hold one of the defendants alone liable before verdict and after trial ; and why not after judgment. The liability of defendants in trespass, is separate, and if one pays the whole, he cannot make his co-defendants contribute. The discharge of the one, ought not then to operate as a discharge to the other. There is a marked distinction between cases of tort and contract.

*Vanarsdale* in reply. The ca. sa. purports to have issued after a fi. fa. and it ought to appear by the return of the sheriff what has become of the property levied on. The credit endorsed does not alter the case ; the amount to be raised, is according to the writ.

An application to amend, is made to the discretion of the court, and in a case involving personal liberty, will not be favorably entertained.

2. From the days of Hobart, to the present, the law has been settled, that the release of one co-defendant, is a release to the other.

The proviso or condition, that Allen should not be discharged, is void. 5. *Bac. abr.* 713.

The case cited from 2 *Wash. C. C. Rep.* 266, shows the extent to which this doctrine is carried. Even a court of equity, will not relieve the defendant.

But it is said, that the release must be a technical release. This release is under seal, is on a good and valuable consideration, and contains apt and proper words. 17 *Mas. Rep.* 584.

It has been called on the other side, a covenant not to sue ; but such a covenant can be made only before suit brought, and cannot be applied to this instrument, which relates to a judgment.

3. Two of the defendants, Cobb and McKiernan, have been discharged from prison, and this entitles the other defendants to their discharge. 6 *T. R.* 625. All cases cited in this last

Allen & others *v.* Craig.

case, establish the principle contended for, and show, tl at if a defendant taken on a ca. sa. is once discharged, he cannot be re-taken, and that the legal effect of such discharge, is a satisfaction of the judgment.

There is no difference between tort and contract, as respects this principle. The case from 2 *Mason Rep.* 268, shows that the court will not enquire into this. The case from 4 *Eng. Com. Law. Rep.* 419, was a case of trespass, and directly in point.

Craig's assent to the discharge of McKiernan, ratifies that discharge.

The Court directed the following entry to be made by the clerk, on the minutes of the Court; and it was accordingly entered. "The above named defendants, having been arrested and imprisoned by the sheriff of the county of Essex, upon the *capias ad satisfaciendum* issued in this cause, the plaintiff gave instructions to the said sheriff, to discharge the said McKiernan out of custody, and let him go at large on his paying to the sheriff, the sum of thirty dollars ; accordingly the said McKiernan paid this sum to the sheriff, who discharged him from custody and paid the money over to the plaintiff; whereupon, Daniel K. Allen, another of the co-defendants, moves to have satisfaction of the said judgment entered of record, and to be discharged out of custody on said writ, himself. Upon hearing counsel upon both sides, touching the aforesaid matters—it is ordered by the Court, if the said Daniel K. Allen shall stipulate in writing, under his hand, to bring no action whatever on account of the said arrest or imprisonment, and deliver the same to the sheriff of the county of Essex, for the benefit of those who may be concerned therein, that then the said D. K. Allen be discharged from custody under the said writ, and that satisfaction of the said judgment be entered of record ; but the court refuse to interpose for his relief in this summary manner upon any other terms."

CITED in *Silvers & Brittin ads. Reynolds,* 2 *Harr.* 280.