2　205
2　321

Collier, respondent, *v.* Field, appellant.

FACTS WHEN RELIEF IS GRANTED AGAINST MISTAKE IN LAW. C. obtained a decree for the foreclosure of a mortgage upon certain mining ground of F., E. and M.; F. paid to C. one-half of the judgment and C. released to him one-half of the mining ground described in the decree ; E. and M. agreed orally, that the release of F. should not affect their liability under the decree ; the agreement, which an attorney was employed to reduce to writing, in legal effect, through a mistake or ignorance of the law by the writer released F., E. and M. *Held*, that the release to E. and M. should be set aside, and that E. and M. cannot in good conscience retain the advantage acquired under the written agreement.

*Appeal from First District, Jefferson County.*

THE material facts are stated in *Collier* v. *Field*, 1 Mon. 612. The judgment was rendered by SERVIS, J.

PAGE & COLEMAN, for appellants.

The subject-matter of this case, so far as the foreclosure of the

mortgage is concerned, is *res adjudicata*. The decree rendered October 12, 1871, is a perpetual bar to any further action upon the mortgage. That decree has never been appealed from, modified or reversed.

The mandate and notice of appeal in *Collier* v. *Field*, 1 Mon. 612, show that the order of the court, refusing to set aside the sale under the decree, was reversed. The meaning of the mandate is clear, and the opinion, therefore, cannot be inquired into. *Skillern* v. *May*, 6 Cranch, 267; *Ex parte Story*, 12 Pet. 341; *West* v. *Brashear*, 14 id. 51.

The opinion does not inquire into the validity of the judgment. If it did it would be a matter outside of its jurisdiction, and, therefore, void. *Elliott* v. *Peirsol*, 1 Pet. 340.

A court of equity will not interfere to reform an instrument framed under a mistake of law. 1 Story's Eq. 112, and cases there cited.

The complaint does not show specifically how the instrument is to be reformed. It should state the words sought to be omitted or inserted. The court cannot go back of the release. It was final. The only remedy of the respondent was an action upon the promise, not upon the mortgage or release. *Collier* v. *Field*, *supra ; Hosac* v. *Rogers*, 8 Paige, 229.

The mortgage cannot be foreclosed until the release has been passed upon by the court favorably to respondent.

There was no service upon two of the defendants, and no appearance as to them. They should have been brought into court, or the action dismissed, as to them, before decree.

G. G. SYMES and A. G. P. GEORGE, for respondent.

Metcalf was not served, and no personal judgment was entered against him. Metcalf and Ervine were partners in the property, and executed the note and mortgage jointly.

This court in *Collier* v. *Field*, 1 Mon. 612, reversed the judgment of the court below for irregularities.

Do the allegations of the complaint support the decree? This is the only question worthy of consideration.

If a person, through mistake of law, parts with a private right of property, a court of equity will grant relief, if the party bene-

fited cannot in conscience retain the advantage gained by the mistake. Kerr on Fraud and Mistake, 398, 399, 409, and cases there cited; *Bigelow* v. *Barr*, 4 Ohio, 358.

A party may be relieved from liability occurring through his attorney's mistake of law. *Fitzgerald* v. *Peck*, 4 Litt. (Ky.) 125.

Equity has afforded relief under similar circumstances. *Evants* v. *Strode*, 11 Ohio, 480; Perry on Trusts, § 184; Kerr on Fraud and Mistake, 400, 413; *Finley* v. *Lynn*, 6 Cranch, 238.

The complaint is sufficient. 3 Danl. Ch. Pr. 1971, 1972.

WADE, C. J. This was an action brought to set aside a release executed by plaintiff, whereby a certain mortgage and judgment and decree rendered thereon was discharged, and for the foreclosure of such mortgage. The leading question involved in the case is this: When, if at all, and under what circumstances, can courts relieve against mistakes in matter of law, or acts done in ignorance thereof?

The facts, as shown by the record, are briefly as follows: The defendants, Field, Ervine and Metcalf, were jointly and severally indebted to the plaintiff upon certain promissory notes, which were secured by a mortgage upon certain mining ground, which notes were subsequently put in judgment, and a decree of foreclosure rendered. The defendant Field, desiring to be released from said indebtedness, and from the operation of such decree, proposed to pay to Collier, the plaintiff in the decree, one-half the amount of such judgment, provided that Collier would release him from all of said indebtedness, and would release to him one-half of the mining ground mentioned in the decree and mortgage. Collier accepted this proposal, upon the condition that such discharge of Field and the mining ground should not release the co-obligors of Field, viz., Ervine and Metcalf, or in any manner affect their liability upon said judgment and decree. Whereupon Ervine and Metcalf, being present when Field made his proposition, expressly promised and agreed that the release and discharge of Field should not operate as a discharge, as to them, as to such indebtedness, and should not affect their liability upon such decree. Thereupon an attorney was employed to reduce to writing the agreement of the parties, and the following paper was produced:

C. T. Collier, Plaintiff,

*agst.*

R. B. Field, Wm. M. Ervine, and W. H. Metcalf, Defendants.

I do hereby certify that the sum of $1,528.30 has been paid me by R. B. Field this day, and for which sum I do release said Field from all liability on the judgment recovered on the 12th day of October, 1871, and I do further stipulate and agree that the undivided one-half of the mining ground mentioned in a certain decree, signed on the 12th day of October, 1871, is also released, and the title of the same now vests in R. B. Field, said decree having been entered in the above-entitled action. But this stipulation does not release any other parties mentioned in the decree, nor any other property, save and except the undivided one-half of the mining ground.

C. T. COLLIER.

Witness: A. G. P. GEORGE

This instrument, through the carelessness, mistake or ignorance of its draftsman, does not express the agreement of the parties upon the matter in question. It is in legal effect not only a release of Field, but also of Ervine and Metcalf, and this upon the doctrine that a release of one of two or more joint debtors is a release of all. 1 Story's Eq. Jur., § 112; Bacon's Abr., vol. 8, pp. 276–7, *g.;* Story on Promissory Notes, § 425; Chitty on Bills, ch. 9, p. 449; Bayley on Bills, ch. 9, pp. 342, 344; Byles on Bills, 232; *Tuckerman* v. *Newhall,* 17 Mass. 581; *Benjamin* v. *McConnell et al.,* 4 Gilm. 536; *Rice* v. *Webster,* 18 Ill. 332; *Wiggin* v. *Tudor,* 23 Pick. 444; *Stearns* v. *Tappin,* 5 Duer, 294; *Hosac* v. *Rogers,* 8 Paige, 229; *Joy* v. *Wurtz,* 2 Wash. C. C. 266.

This discharge of all the debtors was entirely contrary to the intention of the parties, and resulted from their ignorance of the law, or from their mistake, and this action was brought to relieve against this mistake, by so far reforming the release as that it should not operate as a discharge of Ervine and Metcalf, and for a foreclosure of the mortgage as to them.

The question as to when, if at all, and to what extent, a court of equity can relieve against a mistake of law has always been, and still is, a vexed question. The general rule has long been settled, indeed has become a maxim, that ignorance of the law will not furnish an excuse for any person, either for a breach or for an omission of duty. *Ignorantia legis neminem excusat.* The same principle applies to agreements entered into in good faith, but under a mistake of the law. Such agreements are generally held valid and obligatory upon the parties. It is a general proposition that, in courts of equity, ignorance of the law shall not affect agreements, nor excuse from the legal consequences of particular acts, and this rule is fully borne out by the authorities. 1 Story's Eq. Jur., § 111; Broom's Leg. Max. 232; Kerr on Fraud and Mistake, 396, and the authorities cited.

This principle, however, is not of universal application, and to it there are well-defined exceptions, which are as firmly established as the rule itself, and which have been engrafted into the law from time to time to prevent flagrant injustice and unconscionable advantage. To the exception to the general rule, may be referred cases where parties, acting in ignorance of a plain and settled principle of law, are induced to give up a portion of their indisputable property to another under the name of a compromise, in which cases relief will be granted. There are also cases of peculiar trust and confidence which give rise to a qualification of the general doctrine. Likewise cases of surprise, mixed up with mistake of law, sometimes form exceptions to the general rule. In such cases the agreements are unadvised and improvident, and without due deliberation, and are, therefore, held invalid upon the common principle adopted by courts of equity to protect those who are unable to protect themselves, and of whom an undue advantage has been taken. Where the surprise is mutual, there is stronger ground to interfere, for neither party has intended what has been done. They have misunderstood the effect of their own agreements. Contracts made in mutual error, under circumstances peculiar to their character and consequences, seem, upon general principles, to be invalid. 1 Story's Eq. Jur., § 134.

And so where the mistake is of so fundamental a character that the minds of the parties have never in fact met, or where

an unconscionable advantage has been gained by mere mistake and misapprehension, and there being no gross negligence on the part of the plaintiff either in falling into the error, or in not sooner claiming redress, and no intervening rights have accrued, and the parties may be placed *in statu quo*, equity will interfere in its discretion to prevent intolerable injustice. 1 Story's Eq. Jur. 138 (*i*). And this, also, seems to be the rule in England. Kerr, in his treatise upon the law of Fraud and Mistake, says: "If a man, through misapprehension or mistake of the law, parts with or gives up a private right of property, or assumes obligations upon grounds upon which he would not have acted but for such misapprehension, a court of equity may grant relief, if, under the general circumstances of the case, it is satisfied that the party benefited by the mistake cannot, in conscience, retain the benefit or advantage so acquired. And this position is supported by a reference to numerous English decisions."

The case at bar seems to come peculiarly within the cases last named; indeed, if a case can be conceived where relief should be granted to defeat an unconscionable advantage gained through mistake in matter of law, this case must be of that kind.

The legal effect of the release to Field is a surprise alike to Collier, and to Ervine and Metcalf, and it defeats the express agreement between the parties. Ervine, Metcalf, Collier and Field enter into an agreement wherein it is stipulated that Field, upon the payment of $1,528.30, shall be released from the judgment and decree; and it is further expressly promised, upon the part of Ervine and Metcalf, in consideration of such payment by Field, and his discharge, that such discharge of Field shall in no manner impair said judgment and decree as to themselves. The instrument drawn up to carry this agreement of the parties into execution does, in fact, release Ervine and Metcalf, and it would be a reproach to the law if this mutual mistake cannot be cured. They have paid nothing on the judgment. Half of it was paid by Field, and the balance remains unpaid, and they now seek to take advantage of a pure mistake in matter of law in order to be relieved from the payment of an honest debt. They cannot, in good conscience, retain the advantage they have acquired. It would be simple robbery, in the name of law, to per-

mit them thus to escape the consequences of their solemn obligations.

The authority and jurisdiction of a court of equity to relieve against a mistake in matter of law of this character seems to be undoubted, and we grant the relief herein demanded without hesitation, when, in so doing, we are satisfied that we are but carrying into effect the express agreement between the parties.

*Judgment affirmed.*