Spencer, J.
delivered the opinion of the court. An agreement never to sue a sole debtor, made on a valid consideration, or a covenant not to sue, has been justly held to operate as a release, to avoid circuity of action ; not that such agreement or covenant is in fact a release, but that it may be pleaded in bar, as between those parties, and it operates quasi a release. The case of Cuyler v. Cuyler,‡ was decided on this principle. But where there are two obligors, or promissors, a covenant [*]not to sue one of them, so far from releasing the demand, has been repeatedly held not-to protect the other obligor, and that then its operation is as a covenant.* But in this case the matters given notice of, with the plea, do not embrace the case of Wilcox, the defendant. The notice sets up the agreement not to call on him for payment, but to look to Close for the residue, as a full satisfaction and discharge of the note. Now, clearly, the agreement between the-plaintiff and Wilcox, is wholly different. An accord and *450 satisfaction operates as a final bar to the demand, proof here, if proper notic.e had been given, would not have barred the plaintiff’s remedy against Close; a very distinct case, therefore, is made out by the evidence, from the one set up in the notice. The case of Fitch v. Sutton,† and the authorities there cited, go to show, that the payment of the 21 dollars and 55 cents in this case, without a release by deed, is no bar to the demand, and that the promise to look only to Close, is a nudum pactum. We are clearly of opinion, that the nonsuit must be set aside. The costs are to abide the event of the suit. The
Rule granted.

 Ante, 186.

 5 East, 232.