NEW-YORK,
Nov. 1810.

ROWLEY
v.
STODDARD.

Judgment reversed.

ROWLEY *against* R. STODDARD. jun. who is impleaded with STODDARD.

THIS was an action of *debt*, on a judgment obtained in the state of *Vermont.*

The defendant *R. Stoddard*, jun. was arrested on a *cap. ad. resp.* and the other defendant returned not found. The defendant pleaded *nil debet*, with notice that he should give in evidence, at the trial, that he was an infant at the time the note was made, on which the judgment was obtained.

The cause was tried at the *Abany* circuit, *April*, 1810, before Mr. Justice *Thompson.*

By the record of the judgment, produced at the trial, it appeared, that it was rendered the 24th *February*, 1806, for 183 dollars damages, and 36 dollars and 60 cents costs; that the action was on a note made by the defendant the 21st *April*, 1803, for 200 dollars, payable in two years; that the defendant pleaded the general issue, and gave notice that he should give in evidence the infancy of *R. Stoddard*, jun.; and the jury found a verdict for the plaintiff.

It was proved, that on the 30th *January*, 1806, a person, as agent of the elder *Stoddard*, went to *Vermont* to settle with the plaintiff, the suit having been commenced

Where two are bound jointly and severally, a release of one discharges both; but a covenant with one of the obligors not to sue him, does not discharge the other obligor; a release of one must be a technical release under seal, in order to discharge both. A receipt in full given to one, on his payment of half, is no release of the other debtor.

Appearance in a suit, waives all irregularity to notice.

there by an attachment of the property of the elder *Stoddard.* A settlement was accordingly made, and 100 dollars were paid, on which the plaintiff gave a receipt in full of all demands against the elder *Stoddard.* It was agreed, at the time, that the plaintiff might proceed in his suit, for the purpose of having the property attached sold, and that no defence was to be made to the suit. *Stoddard,* jun. being present, it was questioned whether he was of age when he gave the note ; and he then, being of full age, agreed to pay 100 dollars, being the half of the rent of a farm, for which the note was given. It was proved that 30 acres of wheat had been attached ; and that in *October*, 1809, the plaintiff admitted he had received wheat enough to pay the rent due ; the wheat belonged to *Stoddard,* jun. who promised to pay his part of the note.

An execution issued on the judgment was produced, by which it appeared, that 136 dollars and 60 cents was endorsed, in part satisfaction, being the amount of the appraisement of the wheat in *May.*

Under the charge of the judge, the jury found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial, on the following grounds :

1. That the discharge of one defendant was the discharge of both.

2. That the defendant, *Stoddard,* jun. was an infant when he made the note, on which the judgment was rendered in *Vermont.*

3. That *Stoddard* the elder not being in *Vermont* when the suit was commenced, nor served with process, the judgment could not be enforced here.

4. That the verdict was against evidence.

*H. Bleecker,* for the defendant. When two are bound jointly and severally, a release of one discharges both ; for where the joint remedy is gone, the several remedy

is also lost ;* and this need not be a mere technical release, but a discharge in law is sufficient.† The plaintiff in the original suit must have recovered against both defendants, or not at all. By the discharge, therefore, of one, his action is lost.

2. The defendant, *Stoddard* the younger, was an infant when he made the note. To take away this legal objection, the new promise after he came of age must be the same as the original promise, and a confirmation of it ; but here the new promise was to pay half the rent, not to pay the note. A promise to pay 100 dollars rent, is not a promise to pay a note for 200 dollars.

3. The elder *Stoddard* was in this state, and was never served with process ; the suit was commenced by the attachment of property, without any personal summons or actual notice. No action, therefore, can be maintained in this state on the judgment recovered in *Vermont*.‡

4. There was evidence that the plaintiff's demand had been fully satisfied.

*Rodman*, contra. 1. The receipt given to the elder *Stoddard* was to operate as a discharge under certain circumstances only. It was conditional, provided the suit proceeded, and no defence was made, so that the wheat might be sold under the judgment. These terms were not fulfilled ; for a defence was made to the suit.

2. As to the plea of infancy ; one of the witnesses testified that the defendant promised after he was of age to pay his half of the note ; and this promise was made for the express purpose of removing any doubts as to his liability.

3. It appears from the record, that both parties appeared to the suit, and it was defended. An appearance waives all objection of a want of notice or summons.

THOMPSON, J. delivered the opinion of the court. It is a well settled rule, that a *release* to one of several

**Margin notes:**

NEW-YORK, Nov. 1810.

ROWLEY v. STODDARD.

* 2 *Salk.* 574. *Co. Lit.* 232. a. and note (1). † *Hob.* 70. *Cro. Eliz.* 762.

‡ *Kilburn* v. *Woodworth,* 5 *Johns. Rep.* 37.

obligors, whether they are bound jointly, or jointly and severally, discharges the others, and may be pleaded in bar. (*Co. Litt.* 232. a. and note 144. 2 *Saund.* 48. a. But where two are bound jointly and severally, and the obligee covenants with one of the obligors only, not to sue him, it does not amount to a release, but is a covenant only, and the obligee may still sue the other obligor. (8 *Term Rep.* 171.) The settlement made in the case before us, is somewhat in the nature of an agreement not to prosecute the elder *Stoddard.* But a technical *release under seal* is necessary to be given to one of several debtors, in order that the others may avail themselves of it as a discharge. In the case of *Fitch* v. *Sutton*, (5 *East*, 232.) Lord *Ellenborough* says, it cannot be pretended that a receipt for part only, though expressed to be in full of all demands, must have the same operation as a release. The same doctrine is fully recognised by this court, in the case of *Harrison* v. *Close and Wilcox*, (2 *Johns. Rep.* 449.) in which it appeared, that the defendants having given the plaintiff a joint and several promissory note for 71 dollars, the plaintiff agreed with one of them, if he would pay him 21 dollars and 55 cents, he would not call on him for payment of the note, but would look to the other defendant for the residue. The 21 dollars and 55 cents were paid, but this was held not to be a satisfaction of the note, nor a bar to the plaintiff's action. These authorities are sufficient to show that the receipt given by the plaintiff forms no objection to the present action.

The appearance of the elder *Stoddard* to the suit commenced against him in *Vermont*, cured all irregularity, if any had been committed, in the commencement of the suit, on account of his not being within the state. The other questions, suggested on the argument, were matters of fact submitted to the jury. The promise of the younger *Stoddard*, after he came of age, was sufficient to remove every objection on the ground of in-

fancy, if that promise applied to the note, which in the opinion of the jury it did. And to what amount payments had been made, was to be determined between the evidence of *Stewart*, on the part of the defendant, and the testimony furnished by the appraisement of the wheat attached in *Vermont*. The jury, by their verdict, have adopted the latter, which was perhaps the most correct; at all events, it was a proper subject for their determination.

The motion for a new trial must, therefore, be denied.