## WALKER vs. McCULLOCH.

A covenant never to sue one of two or more joint obligors or promissors, cannot be pleaded as a release, except in a suit between the same debtor and creditor.

Nothing short of full payment by one of several joint debtors, or a release under seal, can operate to discharge the other debtors from the contract.

This was *assumpsit* upon a promissory note, dated *Nov* 24, 1815, made by the defendant jointly and severally with *Jonas Clark* and *Henry Clark*, payable to the plaintiff as administrator of the estate of *Nathaniel Lord*, for the use of said estate, in the sum of 8000 dollars, in six months from the date. It was assigned *April* 1, 1816, by a writing on the back of the following tenor,—" Pay widow *Phebe Lord* or order, value received, in division of the estate, without recourse on us,"—which was signed by the plaintiff and by *Henry Clark*, who was also an administrator on the estate. The interest was paid and indorsed, up to *Nov.* 24, 1821.

At the trial, it appeared that the note was given by the makers, for a vessel, which they jointly purchased of the administrators of Mr. *Lord's* estate, to which it belonged, and in which they were equally interested. Some time after the date of the note, the affairs of *Jonas Clark* became embarrassed, and a compromise was effected with his creditors. Mr. *McCulloch* holding Mr. *Clark's* note for about nine hundred dollars, and being his surety at the bank for another less sum, proposed to give up his note of nine hundred dollars, provided he could be discharged from his suretiship at the bank, and Mr. *Clark* could be discharged from his third part of the note now in suit. This

arrangement was carried into effect ; and Mr. *Clark* was discharged, with the consent of *McCulloch*, by a writing on the back of the note due to the plaintiff, in the following words ;—" *April* 2, 1821. Received of *Jonas Clark* one third of the amount of the within note and interest, and he is hereby discharged from the same."

In the month of *October* 1822, *Henry Clark* also compromised with his creditors, who executed, on the 24th day of the same month, a deed of covenant of the following tenor :—"We, the undersigned, creditors of *Henry Clark* of Kennebunkport, do hereby agree that we will discharge him from our respective demands, on receiving our proportion of his property ; and that in order that said *Clark's* effects may be disposed of to the best advantage, and his debts collected, and his business brought to a close, we further agree that said *Clark* shall have the undisturbed possession and control of his said effects and debts for one year; during which time he shall use his best endeavors to close his concerns, and make a dividend of his property among his creditors. And we hereby bind ourselves and our heirs by these presents not to make any demand on him by process of law, or otherwise, for said term of one year from the date of this instrument ; and that in case of any disagreement of opinion relative to the mode of settlement and distribution, we agree to submit such points of disagreement to the arbitration of three disinterested persons, to be mutually chosen by the parties. In witness," &c. This instrument was executed by *Daniel W. Lord*, and nineteen others, among whom was the defendant. The effects of Mr. *Clark* were distributed under this agreement ; and the sum received in payment of his part of the note now in suit, was indorsed thereon in these words :—" January 21, 1825. Received of *H. Clark* seventeen hundred and eighty-nine dollars and sixty nine cents, being 56 *per cent.* of one third of the within note and interest up to this date."

It appeared from the testimony of *Henry Clark*, who was offered as a witness by the plaintiff, that at the time he paid the 56 *per cent.* the defendant agreed or assented to it, and promised to pay the residue of the note. He further testified that he paid

one of his creditors 90 *per cent.* and 75 *per cent.* to another, by the direction of arbitrators appointed under the agreement.

Upon these facts a verdict was entered by consent, for the plaintiff, for the whole balance due upon the note, with interest ; subject to the opinion of the court upon the questions whether the defendant was liable to pay any, and what part of the note ; and whether *Henry Clark* was admissible as a witness.

The arguments were in writing, to the following effect.

*J. Holmes* and *Burleigh*, for the defendant, resisted the plaintiff's claim for any part of the note; contending that the discharge of *Jonas Clark* was a dissolution of the whole contract, because its character was thereby entirely changed. The defendant's original engagement was with the two *Clarks*, jointly. By this act of the plaintiffs, he is holden with one alone. But it is not in the power of a creditor thus to increase the liability of his debtor ; nor to vary it from the original contract. 2 *Pothier on Obl.* 68. 2 *Saund.* 48. And this discharge is technically valid and sufficient, it being on the back of the instrument itself. Had it included all the makers of the note, in the same language, it could never have been enforced against any of them ; and if it cannot be recovered against *Mr. Clark*, he is, to all intents, released from the contract. Nor can the consent of the defendant revive the note against him ; for this would violate the rule that a written contract shall not be enlarged, restrained, or varied by parol; 2 *Stark. Ev.* 279. 1 *Phil. Ev.* 422;—nor by matter subsequent. 2 *Stark. Ev.* 129. Moreover, the defendant could not, by his consent, bind *Henry Clark*. However willing he might be to assume additional responsibilities himself; yet it does not appear that *Henry Clark* was consulted at all in the discharge of *Jonas.* And surely the defendant had no power to change the legal relations of the joint promissors, without the consent of all concerned.

2. But if the contract is changed, it is from joint to several ; in which case the defendant is responsible for his third part only. The joint obligation ceasing as to one, ceases as to all. Each, in that case, is liable only for his own proportion, without the right of contribution from the others. The defendant's release of

*Henry Clark* could therefore have no effect upon this note, nor upon the defendant's liabilities under it ; for in respect of the note he was not a creditor. And such was the construction which Mrs. *Lord*, the plaintiff in interest, gave to the contract, by the terms of her indorsement, in which she speaks of Mr. *Clark's* third part of the debt ; clearly implying that each was holden only for his proportion. The testimony of *H. Clark* goes only to shew that the defendant admitted himself bound to this extent, and no farther.

The obligation to which Mrs. *Lord*, by her agent, was a party, was a covenant to discharge *H. Clark*, on a distribution of his effects ; and these having been distributed, the contract is executed, and he is discharged of his third part of the note. This also is evidence, under seal, both of her construction of the contract, and of its fulfilment. Upon any principle, she ought not to claim of the defendant any thing beyond a third part of the debt ; since, by releasing the other parties, she has deprived him of any claim on either of them for contribution. His consent to the discharge of *Jonas Clark* was founded wholly on the understanding that the joint character of the contract no longer existed.

If from these, or any other causes, the defendant was discharged, his promise to pay the note, if taken most strongly against him, is not binding ; for being a promise to pay the debt of another, it is void by the statute of frauds ; and it is also without consideration.

3. But *Henry Cark* was not admissible as a witness. Though the note is assigned to Mrs. *Lord* without recourse to the indorsers ; yet as Mr. *Clark* is one of the administrators, he stands precisely on the same ground with *Walker*, the nominal plaintiff, who, it is clear, could not be admitted to testify. But he also has a direct interest to charge the defendant with the whole balance of the note ; and if called upon for contribution, would set up the judgment, obtained upon his own testimony, to prove that the defendant had assumed the debt, and exonerated him. He was further incompetent because his testimony, going to absolve himself from the obligation, by throwing it upon the defendant, would tend to increase the fund out of which his own

Walker v. McCulloch.

debts are to be paid ; and to raise a surplus for himself. It is on this principle that a bankrupt is excluded. 1 *Phil. Ev.* 50.

*J.* and *E. Shepley*, for the plaintiff, contended—1st, that the instrument signed in behalf of *Mrs. Lord*, to exonerate *Henry Clark*, was a covenant not to sue, for the limited time of one year; and that therefore it did not operate as a release. To have that operation, it should shew an intent of the parties that the right to sue should at once and forever cease, without any other act done. *Tuckerman & al. v. Newhall* 17 *Mass.* 585. *Gibson v. Gibson & al.* 15 *Mass.* 112. *Wigglesworth v. White* 1 *Stark.* 173. 6 *Com. Dig.* 183. *Release A.* 1. 2 *Saund.* 48, *note.* But here the obligation is, that the creditors will discharge him on receiving their proportion of his property ; distinctly indicating a future act of release to be executed. And in the interim they covenant to suspend all legal remedies for a year.

2. Being a covenant not to sue, and not a release, it does not bar this action. *Shed v. Pierce* 17 *Mass.* 628. *Chandler v. Herrick* 19 *Johns.* 129. *Rowley v. Stoddard* 7 *Johns.* 207. 13 *Johns.* 57. Even if made to the defendant himself, it would not have been pleadable in bar ; much less can he avail himself of it, he not being either party or privy to the covenants, and the instrument not being strictly and technically a release.

3. The payment by *Jonas Clark*, and his discharge, does not exonerate the other parties to the note. *Ruggles v. Patten* 8 *Mass.* 480. It amounts to no more than an acknowledgment that he had paid one third part of the note, and an agreement thereupon not to sue him for any more ; and to this the defendant expressly assented. This was no discharge of the others; at all events not of the defendant.

4. The promise made by the defendant to pay the remainder of the note, is alone sufficient to maintain this action. Being made after the discharge of *Jonas Clark*, and after the covenant with *Henry Clark*, and the payment made by him, and with a perfect knowledge of the whole transaction; it shews that there was no payment beyond the sums indorsed. A technical discharge, under seal, cannot be set up as a bar against a subsequent

promise ; unless by way of estopping. the plaintiff from denying that there has been a payment.  *Perkins & al. v. Pitts* 11 *Mass.* 135.  *Wilkinson v. Scott* 17 *Mass.* 249.  *Golightly v. Jellicoe* 4 *D.' & E.* 147 *note*.  But here can be no estoppel, both because the defendant was not a party to the contract, and because the promise was subsequent to the deed, and in consideration of a debt still subsisting.

As to the admission of *Henry Clark* as a witness, they argued that his interest, if he had any, was on the side of the defendant ; since if the plaintiff recovered more than a third, he would be liable to contribution for the surplus ; but if the defendant should recover, he would be safe from any claim by the plaintiff, under the protection of his covenants.

The opinion of the court was read at the following *September* term, as drawn up by

MELLEN C. J.  This case presents three questions, viz—1st. Whether the defendant is discharged and released from the obligation of his promise, by reason of the covenant between *Henry Clark* and his creditors, of whom the defendant was one:—2. Whether he is discharged by reason of the payment made by *Jonas Clark*, and the receipt given to him by the plaintiff; and 3. Whether *Henry Clark* was properly admitted as a witness for the plaintiff.  As to the first point, it is clear principle of law that a release to one of two joint or joint and several obligors or promissors, is a release to both.  Authorities to this point are unnecessary.  It is equally clear that a perpetual covenant, that is, a covenant never to sue a sole obligor or promissor is equivalent, and amounts to a release ; and, for the sake of avoiding circuity of action, may be pleaded as such ; and it will be a good bar. But, where there are two or more obligors or promissors, a covenant never to sue one of them, does not operate, and cannot be pleaded, as a release, except in a suit between him and the creditor.  No other joint, or joint and several obligor or promissor can plead it as such ; for, in respect to them, circuity of action would not be avoided by allowing such plea.  It is also clear that a covenant not to sue a sole obligor, or one of two or more

joint, or joint and several obligors or promissors for a limited time, can never be pleaded as a release by any one. *Co. Lit.* 232 *a. Lacy v. Kynaston* 1 *Ld. Raym.* 690. 11 *Mod.* 254. 12 *Mod.* 551. *Deane v. Newhall* 8 *D. & E.* 168. *Tuckerman v. Newhall* 17 *Mass.* 581. *Shed v. Pierce* Ib. 623. *Gibson v. Gibson* 15 *Mass.* 112 ; besides some other cases cited in the argument, establish the foregoing principles. According to these cases, the covenant of the creditors of *Henry Clark* with him, which is signed by the defendant, among others, cannot operate as a release to him or to either of the co-promissors, for it was a covenant not to sue within one year from its date in *October* 1822. Besides, it is difficult to perceive how it could operate upon the demand now in suit, even as between *Henry Clark* and the defendant. The note in question was not one of those demands contemplated in the covenant ; that related to demands which the defendant had on *Clark,* independent of the note ; not to the plaintiff's demand upon the note against the defendant and the Messrs. *Clark.* On this note the defendant does not appear to have paid anything; of course he had no claim on *Henry Clark,* originating from it.

As to the second point;—what is relied upon as a release to *Jonas Clark* is in these words " *April* 2d, 1821. Received of *Jonas Clark,* one third of the amount of the within note and interest, and he is hereby discharged from the same." It is not under seal ; and therefore is not a technical release. It might have been explained by parol evidence as other receipts are explainable. None of the cases cited shew that any discharge, except a release under hand and seal, made to one of two or more joint, or joint and several promissors, operates constructively as a release to any one but the promissor to whom it is given. But it is contended that, although each promissor was originally liable for the whole amount of the note, yet the payment of one third by *Jonas Clark* and the discharge to him, has released him from all liability. This is true, and the same consequence would have followed if the plaintiff had covenanted with him that he would never sue him on the note. As to *Jonas Clark* such a covenant might, in a suit against him. be pleaded in bar, as a constructive release to him : but neither of the other

promissors could avail himself of it as such.  The receipt in
question cannot amount to more than a perpetual covenant for
the benefit of *Jonas Clark.*  Such was the defendant's under-
standing, and he consented to the discharge of Mr. *Clark.*  Such
was *Henry Clark's* understanding also, and the defendant's,
when the compromise and covenant were entered into ; and
such was the plaintiff's also, who, nearly four years after the
discharge of *J. Clark*, received of *Henry Clark* 56 per cent of
his third part of the note and interest.  We see no principle of
law which prevents the operation of all the contracts of the par-
ties concerned, according to their true intent and meaning.  The
case of *Ruggles v. Patten* 8 *Mass.* 480, seems to be in point.  The
defendant there pleaded, as his third plea in bar, that he with
five others, naming them, made the promise declared on, jointly
to the plaintiff ; and that one of those five paid a certain sum,
which was received as his quarter part ; and that the payee did
then and there exonerate and discharge him from any further pay-
ment of the same note.  On demurrer to this plea, the court
adjudged it no bar, and observed that payment of a part by
one promissor cannot operate to discharge the rest.  The
averments in the above plea presented as strong a case for the
defendant, as the facts agreed by the parties do in the case at bar.

In *Rowley v. Stoddard* 7 *Johns.* 207, it was decided that a re-
lease of one of two joint and several obligors must be a technical
release under seal in order to discharge both; and that a receipt
in full, given to one of two joint and several debtors, on his pay-
ing half the debt, is no release of the other debtor.  That was
an action of debt on a judgment against two ; and the receipt
was given to the other defendant, but was decided to be no dis-
charge of *Stoddard.*  So also in *Harrison v. Close & Wilcox* 2
*Johns.* 449, the same principle was recognized.  That was an
action of *assumpsit* on a promissory note  One of the defendants
had paid a part of the note, and thereupon the plaintiff agreed
with and promised him that he should never be called upon for
any part of the residue.  It was contended that this was a dis-
charge of both; but the court decided that it was not.  Nothing
short of full payment, or a release under seal, can operate as a

discharge to both debtors, where a part only is paid by one of them.

The note having been signed and the promise made by the defendant, *J. Clark* and *H. Clark* jointly and severally, each promissor became liable for the whole sum ; and each would be so liable now, had not two of them been discharged by the promissee ; one on payment of his third part ; and the other on paying a little more than one half of his third. As far as these payments have reduced the amount due on the note, so far is the defendant relieved from his original liability, but no further ; for the balance he stands responsible. Such are some of the legal consequences of a joint and several obligation. When two or more persons enter into such a contract, each by so doing places himself in some degree, under the control of the others, and exposes himself, to losses consequent on their failure or inability to perform their engagements. But if a man assume such liabilities, the law requires that he should keep his promise or be answerable for its violation. As to the third point, it is unnecessary to make any observations on the question of *H. Clark's* admissibility as a witness. He testified only to the defendant's subsequent promise to pay the balance due on the note. But as we consider the defendant liable without any such promise, the admission of the witness is of no importance, whether it was proper or improper. Accordingly our opinion is that there must be

*Judgment on the verdict.*