Chief Justice Robertson
delivered the Opinion of the Court.
The administrator of a judgment creditor covenanted with one of the joint defendants to the judgment, that, for a valuable consideration paid, he would not “ levy, exact or collect,” as to that defendant, any portion of the judgment. Does such a covenant operate as a release to all or any of the joint debtors ? This is the only material question presented in this case.
A technical release to one of several who were bound in solido, whether jointly or severally, exonerates all the obligors. ,
*108 A covenant never to sue a sole obligor, will, to avoid circuity, be deemed a release of the obligation.
But a similar covenant with one of several joint obligors, should not be construed as a release of even the covenantee ; because such an interpretation would frustrate the intention of the parties, and operate unjustly ; for, if one of the joint obligors be released, no suit could be maintained against the others ; and the inconvenience and circuity incident to a suit on the covenant for a breach of it, would be far less unjust, and would be much more consistent with the intentions of the parties, than the constructive exoneration of all the joint obligors. In such a case, therefore', such a covenant will not be deemed a release.
The following authorities may sustain the foregoing positions. Hodges vs. Smith, Cro. Eliz. 623. Clayton vs. Kynalston, 2 Salk. 573. Lacy vs. Kynaston, 1 Ld. Raym. 690, and 2 Salk. 575. Chitty on Contracts, 295-6. Putnam vs. Lewis, 8 Johnson, 304. Kirby vs. Taylor, 6 Johnson’s Chy. Reps. 250-1. Com. Dig. (Amr. Ed.) tit. Release, 232. Ward vs. Johnson, 6 Munford, 6. 1 Munford, 45.
Wherefore, as this opinion accords with that of the circuit judge, the judgment is affirmed.