## COUNTY OF WASHINGTON.

MCALLESTER & *al. versus* SPRAGUE AND MORGAN.

In assumpsit against joint debtors, it is no defence, that one of them has been discharged from *his share* of the debt by an unsealed instrument in writing, although founded upon an adequate consideration.

Should the discharged debtor be afterwards molested on account of the debt, his remedy is against the creditor by a special action, founded upon the discharge.

ON EXCEPTIONS from the *District Court*, HATHAWAY, J.

ASSUMPSIT on an unsettled account. The demand had been sued, and thereupon the plaintiff received from Sprague a horse, and gave to him a memorandum, signed by them, in the following form; viz, "received of Jotham L. Sprague one red horse," (described,) "in full for his half of our account against him and E. L. Murphy, * * * to be his discharge in

full for debt and cost but no discharge for Murphy." The defendants introduced that document, and the Judge ruled that it was a bar to this suit. The verdict was for the defendants and the plaintiffs excepted.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, and APPLETON, J. J., was drawn up by

WELLS, J. — A payment of a part of a debt is not a satisfaction of the whole, even if it be so agreed, but where there is some other consideration than such partial payment, and it is received in full satisfaction of the debt, the debt will be thereby discharged. *Lee* v. *Oppenheimer*, 32 Maine, 253. The consideration given in the present case by the defendant Sprague to the plaintiffs, was a horse, and it would have been a sufficient satisfaction of the debt, if it had been received for that purpose, but the plaintiffs did not intend to discharge the whole debt, but only to relieve Sprague from any further liability. The receipt purports to be in full of his half of the account, and by its express terms, it was not to discharge Murphy. If the receipt should be considered a release of Sprague, it would discharge the whole debt, for a release of one joint debtor or one joint and several debtor is a release of all. To give it that effect would be a construction directly in opposition to the plain intention of the parties. If it had been an absolute release to Sprague under seal, although upon a partial payment, it would have been a discharge of both debtors. *Walker* v. *McCulloch*, 4 Greenl. 421. Because the debt being the debt of each, the release of one debtor is a release of all, who are holden for it. The effect of a release is based upon a presumed payment, the seal being evidence of a complete and ample consideration. But the receipt in this case was not a technical release, it was not under seal, and if it had been, it could not fairly be understood to mean, that the whole debt should be discharged by a present release of Sprague. Its language does not imply an intention to cancel the whole debt, although the consideration might be adequate to that purpose and also to release Sprague, without its being

under seal. Such effect might have been given to it, if it had been so intended. But it must be construed according to the purpose of the parties, and its meaning appears to be, that the whole debt was not to be extinguished, but only one of the debtors discharged. Now an immediate discharge of one of the debtors in a joint debt would enable the other to be discharged also. And to prevent this result and in order to carry into effect the purpose of the parties, the receipt must be considered an agreement to discharge Sprague, like a covenant to discharge or not to sue, and as having the same legal effect, in this action.

By giving to the receipt the effect of a covenant, the object of the parties will be accomplished, for such a covenant would not be a release to Murphy. *Bank of Catskill* v. *Messenger*, 9 Cowen, 37; *Shaw* v. *Pratt*, 22 Pick. 305; *Lacy* v. *Kynaston*, 2 Salk. 575.

Nor can it prevent Sprague from being liable in this action. A covenant not to sue a sole debtor may be pleaded as a general release in bar, to avoid circuity of action. But if he be one of two or more debtors, such covenant cannot be pleaded in bar, and if he should be sued contrary to the terms of it, he must pursue his remedy by an action upon the covenant. *Shed* v. *Pierce & al.* 17 Mass. 623; *Harrison* v. *Close & al.* 2 Johns. 451; *Dean* v. *Newhall*, 8 T. R. 168; *Kirby* v. *Taylor*, 6 Johns. Chan. 250; 2 Saund. 48, (note 1.); *Rowly* v. *Stoddard*, 7 Johns. 207. If such covenant could be pleaded in bar by one debtor when he is joined with others, it would operate contrary to the intention of the parties, and would be a protection to those with whom it was not made. For in an action *ex contractu*, there must be a recovery against all of the defendants or none. And if judgment should be rendered in this action for Sprague, it must also be in favor of Murphy. 1 Chit. Plead. 32. And if Sprague's name should be stricken from the writ, under an amendment granted by virtue of the statute, chap. 115, sect. 11, Murphy could claim the same right to plead the non-joinder of Sprague as if the action had been commenced against

him alone. The omission of one joint promisor may be pleaded in abatement. *Ruggles* v. *Patten*, 8 Mass. 482. And when the name of one is stricken from the writ, the other ought not to be precluded from an opportunity of objecting to the continuance of the action against him alone. If the obligation had been joint and several, as then the creditors might have sued Murphy alone, with whom no agreement had been made, and there could have been no necessity for an action against both, Sprague's name might be stricken from the writ, in accordance with the statute, and the action maintained against Murphy, as was done in the case of *Goodnow* v. *Smith*, 18 Pick. 414.

But there does not appear to be any way effectually to hold Murphy upon the cause of action in this case, which is joint, without uniting both debtors in the suit, and without considering the terms of the receipt as an agreement, operating like a covenant, with Sprague. This course corresponds more perfectly with the intention of the parties than to regard it as a present release of Sprague. If the execution should be enforced against him, he will have his remedy upon the agreement, to which a greater force ought not to be given than would be to an actual covenant to discharge him.

The exceptions are sustained, nonsuit set aside and a new trial granted.

*Fuller* and *Harvey*, for the plaintiffs.

*Tyler*, for the defendants.