CASE 53—SEPTEMBER 23.

# Matthews vs. Jones' administrator.

APPEAL FROM UNION CIRCUIT COURT.

The statutes requiring demands against the estates of decedents to be verified by the affidavits of the claimants, are applicable to a claimant who has commenced his action, but has not recovered judgment before the death of his debtor. When the action is revived against the administrator, and he obtains a rule requiring the plaintiff to verify the demand by affidavit, who refuses to do so, it is proper to dismiss the cause without prejudice.

GEO. HUSTON for appellant.

HUGHES & DALLAM, for appellee, cited *Rev. Stat.*, *p.* 340, *secs.* 35, 36; *Ib.*, *p.* 341, *sec.* 37; *Civil Code, sec.* 473; *Thomas' ex'r vs. Thomas*, 15 *B. Mon.*, 183; *Rogers vs. Mitchell's ex'r*, 1 *Met.*, 22.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

In 1854 this action was commenced in the Union circuit court by Matthews against Isaac Jones.

After the action had been pending a considerable time, and a number of steps had been taken therein, on the 13th of February, 1857, during a term of said court, the death of Jones, the defendant, was suggested of record, and the cause then continued.

At the next August term of the court it was ordered that Martin M. Berry, the administrator *de bonis non* of Isaac Jones, deceased, appear at the calling of the cause at the next term of the court, and show cause why the suit should not be revived and prosecuted against him.

At the next term of the court, in February, 1858, Berry, the administrator, appeared, and, as the record states, filed an affidavit and answer to the order of revivor, and thereupon moved the court for a rule requiring the plaintiff to verify by his oath the claim which he was then asserting in the action against the estate of Jones, as required by law. The plaintiff objected to the rule, but his objection was overruled, and the rule was granted. Thereupon the plaintiff announced in open court that he would not comply with the rule. The rule was then made absolute, and the action was dismissed without prejudice. From that order this appeal is prosecuted.

The first question presented upon the appeal, and the only one which we will notice, because the decision of that settles the whole case here, is this: Was the action of the circuit court erroneous in requiring the plaintiff to verify by written affidavit his claim against the estate of Jones, in the manner in which the statutes require "claimants" to verify "demands against the estate of a decedent?"

If the circuit court properly required this verification, it was not erroneous to dismiss the plaintiff's action without prejudice, when he had refused in open court to make the affidavit which

had been required of him by the rule of the court previously entered. And if there is no error in the final order, there is no error in the record available to appellant; and we do not intend to be understood as intimating that there is any error at all.

It is insisted by the counsel of appellant that the statutes requiring demands against the estates of decedents to be verified by the affidavits of the claimants, are not applicable to claims upon which actions may have been commenced in the lifetime of the decedent. Is there any such limitation upon the operation and effect of these laws? Does the bare fact that a party has brought suit upon his demand, in the lifetime of one who dies subsequently and before judgment, relieve him from the necessity of making the affidavit which is required of other claimants?

A negative answer must, in our opinion, be given to these questions.

The terms used in the law designating the claims or demands to which it was intended to be applied, are certainly broad enough to embrace a claim like this.

Section 35, article 2, chapter 37, page 340, Revised Statutes, provides and requires that " all demands against the estate of a decedent shall be verified by the written affidavit of the claimant, * * stating that the demand is just," etc., etc.

The words " all demands " are surely sufficiently comprehensive to include a demand upon which an action may have been brought, but no recovery had in the lifetime of a decedent.

By the next succeeding section of the same article it is enacted, that " no recovery shall be had of any such demand— id est.: ' demand against the estate of a decedent '—until such affidavit be made and filed in court."

This provision is very imperative, as well as exceedingly comprehensive. " No recovery shall be had of any such demand until such affidavit be made and filed in court." Although suit may have been brought, yet if not prosecuted to judgment before the death of the defendant, " no recovery " shall be had until the affidavit be made and filed in court.

The 38th section provides that in a proceeding to coerce a claim against the estate of a decedent, his personal represent-

Matthews vs. Jones' administrator.

ative shall have the right to compel the attendance of the claimant, the original obligee, or intermediate assignors, and interrogate any of them touching the usury embraced in the claim, etc.

By the 39th section it is provided that no personal representative shall pay or be adjudged to pay any more of any demand against the decedent's estate than what remains due of the same after the usury embraced therein, and the payments made thereon, and the offsets and discounts against the same, are deducted.

These provisions manifestly apply to all demands, whether an action has been brought upon them or not before the death of the person alleged to be a debtor. There is no intimation in the statute, and we perceive no reason to believe, that the legislature intended a demand to be relieved from the operation of the statute, when an action had been commenced thereon during the life of the decedent.

Nothing in the Civil Code is to be construed as dispensing with the affidavit required in sections 35 and 36, article 2, chapter 37, Revised Statutes; but said sections remain in force, as well as section 38 of the same article, and all are alike applicable to all actions or proceedings to enforce a claim against the estate of a deceased person. (See *section* 473, *Civil Code*.)

By the express terms of this section of the Code, the sections of the Revised Statutes upon which we have been commenting, if they were not so before, (and we think they were,) are made applicable to all actions and proceedings (no matter when commenced or how prosecuted) to enforce a claim against the estate of a deceased person.

We are unable to perceive any sound reason why a claimant who has commenced his action, but has not recovered judgment before the death of his debtor, shall not be compelled to verify his demand, and purge his conscience in reference thereto, as well as one who has not brought his suit. Nothing in reference to the demand has been ascertained by the judgment of a court. All remains to be litigated; and in our opinion the personal representative should not be adjudged in

such case to pay the demand until the affidavit required has been made and filed in court, and then only so much as remains due after the deduction of usury; payments, offsets, and discounts.

These enactments were intended to remedy a grievous evil, supposed at least to be prevalent in our State. Certainly the purpose of the statute was a most beneficent one. And this court feels constrained to give such a construction to the provisions of the statute as will give full and complete effect to the benign and wholesome intentions of those who composed the law-making department of our government.

It being the opinion of this court that there was no error in dismissing plaintiff's action, because of his failure and refusal to comply with the rule aforesaid, the judgment of the circuit court *is affirmed*.