APPERSON'S EX'X *v.* NANCY M. HAZELRIGG.

[Abstract Kentucky Law Reporter, Vol. 2—64.]

**Liability of Trustee—Burden of Proof.**

Where it is shown that property came into the possession of a trustee the burden of proof is on him to show that it was accounted for and paid out.

**Revival of Action.**

In an action against a defendant who dies during its pendency it may be revived against his personal representative with demand or affidavits being previously made.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

December 17, 1880.

OPINION BY JUDGE HARGIS:

Some time before the proceeding in which the judgment appealed from was rendered William Hoffman was appointed the trustee of

the appellee, and executed bond with R. Apperson, Jr., and Thomas Turner as sureties. The record shows that the sum of about $6,736.29 came to the hands of Hoffman as trustee, but what he paid out does not appear. The appellee in her affidavit states that the balance was $5,000 on the 15th day of December, 1877, and the affidavit is not denied by the appellant.

Besides this, the burden of proof is upon the appellant to show that her testator's principal had paid or accounted for the sum which was shown to have gone into his hands as trustee. Prior to the 15th of December, 1877, a rule was awarded the appellee against Hoffman and his surety, Apperson, to pay the trust fund into court, and on that day the court refused to make the rule absolute because the exact sum in the trustee's hands was not shown, but ordered the trustee to pay to the appellee $500 then and $500 on the first day of April, 1878, adjudging also that she was the absolute owner of the trust fund, and that the rule was a proper proceeding to enforce its payment into court. The court also referred the matter to the master commissioner to ascertain the balance in the trustee's hands.

The surety, Judge R. Apperson, Jr., died on the 22nd day of January, 1878, and thereafter on the 26th day of November, 1878, the appellee caused notice to be served upon the appellant as executrix of R. Apperson, Jr., deceased, to revive said rule against her. In response to said notice appellant appeared and objected to the revivor because no demand of the claim was made on her before the service of the notice. Her objection was overruled and she excepted.

The appellee then filed her affidavit in the ordinary form, purging her claim, etc., also the affidavit of Judge B. J. Peters, stating that her demand "is just and correct," and moved to submit the rule, which was done and judgment rendered against appellant for $1,000, part of the trust fund in the hands of Hoffman, with 6 per cent. interest from the date of the judgment, to be levied of assets, and recommitted the cause as to the trust fund to the master to ascertain the remainder in the hands of the trustee, Hoffman, who had become insolvent, and from that judgment this appeal is prosecuted.

The trust fund was created, Hoffman appointed trustee, executed bond, and this proceeding by rule was instituted, heard and adjudged in the case of *Thomas F. Hazelrigg's Adm'r v. Thomas F. Hazelrigg's Heirs,* for the settlement of his estate and allotment of dower. The trust fund was awarded to the appellee in lieu of dower. The

chancellor has power over the fund to compel its proper management; and on account of the insolvency of the trustee and his failure to pay the sums which were ordered to be paid to the appellee, it was the chancellor's duty to order and compel the payment of the trust fund into court or to the appellee, who is entitled to it absolutely.

No affidavit or demand was necessary to be made before notice to revive the rule, which is in the nature of an action. The rule was served upon Judge Apperson. In fact, he was in court and objected to the issuance of it and in the proceedings under the rule the court had power to render judgment for the trust fund found in the hands of the trustee. In an action against a defendant who dies during its pendency it may be revived against his personal representative with demand or affidavits being previously made. *Matthews v. Jones,* 2 Met. 254. So in the case of a rule upon the final determination of which a judgment may be rendered.

It was proper and necessary for the appellee to make her affidavit purging and setting forth her demand and produce that of another witness proving it before judgment. This was done. We think the affidavit of Judge Peters that the demand "is just and correct" is equivalent to saying he knows it is just and correct, because he could not truthfully swear that it was just and correct without he knew those things to be true. His affidavit means more than his belief that it is just and correct.

As to the error assigned that the judgment was not for the whole amount that may be due we do not think it is available. The record fully sustains the judgment for the amount adjudged. Because the trustee's accounts were in such a state, and because, from his failure to properly report the condition of the trust, the court could not tell the exact amount of the trust fund in his hands, it forbore to render judgment for but $1,000, although the claim presented and proven was $5,000, and the truth of appellee's affidavits were not denied. While the court acted prudently in referring the cause to the master to ascertain the balance or amount of the trust fund, it might have gone further without leaving any legal ground of complaint of its action.

The judgment, if prejudicial to any one, is not prejudicial to the rights of the appellant. Wherefore the judgment is *affirmed.*

*Reid & Stone, for appellant.   B. J. Peters, for appellee.*

[Cited, *Marshall v. Sanford,* 9 Ky. L. 855.]