## BENTON *v.* MULLEN & a.

When several are jointly liable upon a debt, a covenant by the creditor to save one of them from further payment and from liability to contribution does not discharge the other debtors; nor does it operate as a release to the covenantee.

Even when apt and technical words of release are used, regard will be had to the nature of the instrument itself, the situation of the parties, and the object to be effected; and unless it is made clearly to appear that a release of the whole debt was intended, such instrument will not be permitted to have the effect of a technical release, but will be construed as only an agreement not to charge the party to whom it is given.

DEBT, upon a judgment recovered at November term, 1878, in Coös. Facts agreed. The original cause of action was debt, by Benton against Stephen Burbank and others, upon a bond signed by Stephen Burbank as principal, and by the defendants in this cause as sureties, conditioned to indemnify Benton against all loss, cost, damage, and expense to which he may be subject by reason of becoming surety upon a recognizance for the appearance of Charles A. Burbank at the November term of court in Coös county, 1864, to answer to an indictment found against him at the April term, 1864. Benton, upon the giving of the bond to him, did become surety for Charles A. Burbank in a recognizance for his (Charles's) appearance as aforesaid, and the recognizance was subsequently forfeited, and Benton was compelled to pay a large sum to Coös county on the recognizance. Thereupon he sued the bond, and recovered the judgment now in suit. While the action Benton against Stephen Burbank and others on the bond was pending, the following paper was executed, viz.: "It is hereby agreed in the cause of Jacob Benton v. Stephen Burbank and others, that in consideration that Walter Buck and Augustus Evans agree to withdraw any further defence of said action, the said Jacob Benton hereby covenants and agrees that he will release them from all liability to him upon the judgment that may be recovered, upon the payment to him of four hundred dollars and interest from April 15, 1877, and the taxable costs of the suit.

"Witness my hand and seal, January 29th, 1879.

| | |
|---|---|
| J. Benton, | (Seal.) |
| Augustus Evans, | (Seal.) |
| Walter Buck, | (Seal.)" |

Evans and Buck were signers of the bond; were defendants in the suit thereon; and are defendants in the pending suit, Evans having died since the commencement of the present suit. After the execution of the above paper they made no further active defence in the cause, but the same being then before a referee was fully heard and tried, Burns & Heywood appearing and acting therein as counsel for all the defendants except John Mullen. The referee made a report in favor of the plaintiff, upon which the judgment now in suit was entered at an adjournment of the November term in April, 1879. The files and record therein may be referred to.

After the judgment was recovered, Evans paid Benton $350, May 13th, 1879, and Benton gave him a paper as follows, viz.: "Know all men by these presents, that I, Jacob Benton of Lancaster, N. H., do hereby agree to and with Augustus Evans of Gorham. N. H., as follows, to wit: Said Benton has an execution against said Evans and ten others for damages, $636.90, costs $125.03, and 17 cents for execution which issued on a judgment of the supreme court of the southern district of Coös county, November term, 1878; now I, the said Benton, have received of said Evans three hundred and fifty dollars, in consideration of which I do hereby covenant and agree to and with the said Evans that I will exonerate and save him from ever having to pay anything further on said judgment; and I will save him from all liability to contribution in case any other of the debtors in said judgment make payments to me on said judgment.

"Witness my hand and seal this 13th day of May, 1879.
J. Benton. (Seal.)"

The judgment named in the paper is the one in suit.

There was never anything paid on the agreement dated January 29th, 1879, the sum of $350 being paid as herein before stated by Evans upon the execution of the agreement dated May 13th, 1879. The plaintiff offers to apply the $350 as the court may order.

The defendants, John Mullen and Walter Buck, claim to be discharged from any liability to the plaintiff upon the judgment.

*Ladd & Fletcher*, for the plaintiff.

*W. & H. Heywood* and *E. Foster, Jr.*, for the defendants.

BLODGETT, J. The agreement of January 29, 1879, is of no importance here, nor is it claimed to be. The only question then is as to the effect of the subsequent agreement of May 13, 1879; and to make this agreement available to the defendants as a defence, it is conceded by them that it must be given the effect of a technical release under seal, the provision upon which they rely being, "that I will exonerate and save him [Evans] from ever having to pay anything further on said judgment."

But the whole of the agreement must be considered in determining its meaning, and not merely a particular clause; and if any of its terms are of doubtful import, the situation of the parties, the subject-matter, and the object intended to be effected may properly be considered also.

But to ascertain the effect the parties to this agreement intended it should have upon these defendants, it is not necessary to go outside the agreement itself, for, construing its provisions together, it plainly shows that Benton and Evans did not understand that the other debtors were released, or that the right of action against them was in any manner affected. And such must be the legal construction, for it is clear that the provision upon which the

defendants rely is nothing more than a covenant of indemnity to Evans alone, which certainly can have no greater operation than a covenant not to sue *(Berry* v. *Gillis,* 17 N. H. 14), which is never technically a release, and, when given to one of several joint debtors, is never construed as a release to the others ; and this has been the law from very early times. *Lacy* v. *Kynaston,* 2 Salk. 575, 12 Mod. 548, 1 Raym. 688 ; *Dean* v. *Newhall,* 8 T. R. 168 ; *Harrison* v. *Close,* 2 Johns. 450 ; *Rowley* v. *Stoddard,* 7 Johns. 210 ; *Shed* v. *Pierce,* 17 Mass. 627 ; *Goodnow* v. *Smith,* 18 Pick. 415, 416 ; *Parker* v. *Holmes,* 4 N. H. 98 ; *Snow* v. *Chandler,* 10 N. H. 93, 94 ; *Bank* v. *Messenger,* 9 Cow. 37 ; *Walker* v. *McCulloch,* 4 Greenl. 421. Nor is such covenant of itself a release of the covenantee, although it is generally so construed by the law to prevent circuity of action. *Durell* v. *Wendell,* 8 N. H. 372 ; 1 Par. Cont. (5th ed.) 28, and authorities cited.

And while formerly a more strict and technical rule prevailed, the weight of authority now is, even though apt and technical words of release are used, that if the parties, taking into consideration the circumstances of the case, their relation to each other, and construing the instrument as a whole, cannot reasonably be supposed to have intended a release of the whole debt, it will be construed as only an agreement not to charge the party to whom the release is given, and will not be permitted to have the effect of a technical release. *Bonney* v. *Bonney,* 29 Iowa 448 ; *McAllester* v. *Sprague,* 34 Me. 296 ; *Burke* v. *Noble,* 48 Penn. St. 168 ; *Parmelee* v. *Lawrence,* 44 Ill. 405, 410–413 ; *Couch* v. *Mills,* 21 Wend. 424 ; *Parker* v. *Holmes, supra ; Durell* v. *Wendell, supra ; Kirby* v. *Taylor,* 6 Johns. Ch. 242, 253.

But it is not necessary to go to this extent here, because the intention of the parties as expressed in the agreement, and the legal construction of the language used by them, both unmistakably show that the covenant to Evans cannot be construed as a release, which is an absolute extinguishment of a debt, and therefore obviously differs very essentially in its nature and effect from a mere covenant of indemnity like this, which expressly recognizes the existence of the debt against which the indemnity was given, and, at most, extends merely to prevent its further enforcement against the covenantee to his injury. This being so, it is plain that the agreement released none of the debtors, much less all of them. Indeed, if Evans himself were sued contrary to the covenant, inasmuch as it is one of indemnity only, it is not apparent how he could plead it in bar or set it up as a defence in any manner, nor why he would not be left to his action upon it for redress. *Berry* v. *Gillis,* 17 N. H. 13 ; *McAllester* v. *Sprague, supra* ; *Kirby* v. *Taylor, supra ; Mason* v. *Jouett's Adm'r,* 2 Dana 107. This, however, is immaterial, for it is sufficient now to hold that the defendants cannot avail themselves of it as a bar to the plaintiff's action.

The payment made by Evans is to be applied in part satisfaction of the plaintiff's execution, and he will then be entitled to judgment for the remainder.

*Case discharged.*

All concurred.